McBREEN & KOPKO  
Kenneth A. Reynolds (KR3808)  
500 North Broadway, Suite 129  
Jericho, New York 11753  
(516) 364-1095  

Hearing Date: January 22, 2018  
Hearing Time: 9:30 a.m.  
Hearing Place: Central Islip, New York  
Last Day to Object: January 15, 2018  

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:

                GEORGE ORANTES,

                            Debtor.
-------------------------------------------------------------X

Chapter 7  
Case No.: 09-75488 (REG)

## NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that the undersigned counsel for the debtor herein, George R. Orantes (the "Debtor"), will move this Court before the Honorable Robert E. Grossman, Bankruptcy Judge at the United States Bankruptcy Court, 290 Federal Plaza, Courtroom 860, Central Islip, NY 11722, on January 22, 2018 at 9:30 a.m. for an Order pursuant to 11 U.S.C. § 350 and Bankruptcy Rule 1009:

(a) reopening the Debtor's case so as to permit the Debtor to amend his Schedules "A" and "D" to include a previously undisclosed asset and the liens encumbering that asset;

(b) directing the United States Trustee to appoint a trustee in the reopened case to take all necessary steps in connection with the investigation and administration of any asset which was not disclosed by the Debtor prior to the entry of the final decree and to take whatever other steps are necessary in connection with the administration of the Debtor's estate (the "Estate");

(c) reopening the Debtor's closed 11 U.S.C. §341 meeting of creditors to permit further examination of the Debtor;

(d) directing the Debtor to file and serve, within ten (10) days of entry of an Order reopening this case, amended schedules in accordance with Bankruptcy Rule 1009 and Local Bankruptcy Rule 1009-1;

  (e)  directing the Clerk of the Court, pursuant to Rule 3002(c)(5), to designate this case as an asset case, to fix a bar date for the filing of proofs of claim, and to issue a Notice to Creditors informing all of the Debtors' creditors of the discovery of assets and of the bar date for the filing of proofs of claim against the Estate; and

  (f)  granting such other and further relief as this Court deems just, proper and equitable.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Motion must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with General Order # 462, by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, Microsoft Word DOS text (ASCII) or a scanned image of the filing, with a hard copy delivered directly to Chambers, and may be served in accordance with General Order # 462, and upon (i) the undersigned counsel to the Debtors, McBreen & Kopko, 500 North Broadway, Suite 129, Jericho, New York 11753; (ii) Kenneth Kirschenbaum, Esq., former Chapter 7 Trustee, 200 Garden City Plaza, Garden City, New York 11530; and the United States Trustee, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, so as to be received by no later than 4:00 p.m. on January 15, 2018.

**PLEASE TAKE FURTHER NOTICE**, that only those objections that have been timely filed may be considered by the Court.

Dated: Jericho, New York
       December 22, 2017

                                                        McBREEN & KOPKO
                                                        Attorneys for Debtor

By:   */s/ Kenneth A. Reynolds*
        Kenneth A. Reynolds, Esq.
        500 North Broadway, Suite 129
        Jericho, New York 11753
        (516) 364-1095

McBREEN & KOPKO
Kenneth A. Reynolds (KR3808)
500 North Broadway, Suite 129
Jericho, New York 11753
(516) 364-1095

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:

                                                            Chapter 7
       GEORGE ORANTES,                      Case No.: 09-75488 (REG)

                                   Debtor.
-------------------------------------------------------------X

**ATTORNEY AFFIRMATION IN SUPPORT OF MOTION TO REOPEN CASE**

        Kenneth A. Reynolds, an attorney at law duly admitted to practice before this Court, under the penalties of perjury, duly affirms as follows:

        1.     I am a Partner of McBreen & Kopko, attorneys for the Debtor, and as such am fully familiar with the facts of this matter as reflected in the files maintained by my office.

        2.     The Debtor filed this case under Chapter 7 on July 24, 2009 (the "Filing Date").

        3.     On August 21, 2009 the Chapter 7 Trustee filed a Report of No Distribution requesting discharge and certifying that the estate has no non-exempt property to distribute.

        4.     An order granting the Debtor a discharge was entered on October 22, 2009. The final decree was entered on December 18, 2009, at which time the case was closed.

        5.     The Debtor now wishes to reopen his case, pursuant to 11 U.S.C. §350(b) in order to amend his Schedules "A" and "D" to disclose his interest in real property which had not been disclosed prior to the entry of the final decree.

6. Specifically, at the time of filing, the Debtor held a one-third interest in real property commonly known as 35 Seaview Drive, Daly City, CA 94015 (the "CA Property") which was not disclosed in the Debtor's Petition and Schedules due to bad advice given to the Debtor from his brother, Roberto Orantes. The other co-owners of the CA Property are the Debtor's brother, Roberto, and Karla Ramirez, each of whom holds a 1/3 interest.

7. The CA Property had an approximate value of $547,000.00 as of the Filing Date. See Affidavit of George Orantes filed in support of this motion.

8. The CA Property was, and continues to be, encumbered by a first and second mortgage  As of the Filing Date, the amount necessary to satisfy the first mortgagee was $604,000.00, and the amount necessary to satisfy the second mortgagee was $72,688.75. The mortgage statements showing the amounts due the mortgagees as of the July 24, 2009 filing date are annexed hereto as Exhibit "A". Accordingly, as of the date of filing, there was no equity in the CA Property.

9. On August 3, 2017, the Debtor filed a second petition (the "2017 Petition") pursuant to Chapter 7 of the Bankruptcy Code. The CA Property was disclosed in the 2017 Petition.

10. In the Schedules annexed to the 2017 Petition, the Debtor estimated the fair market value of the CA Property to be $1,000,000.00. In Schedule D, the Debtor discloses two mortgages encumbering the CA Property; the amount necessary to satisfy the first mortgagee being $602,685.11 and the amount necessary to satisfy the second mortgagee being $72,885.23. As such, it is estimated that the equity in the CA Property is in excess of $300,000.00 and the Estate's interest in the CA Property now exceeds $100,000.00.

11. Notwithstanding that the CA Property was scheduled as an asset in the 2017 Petition, the Chapter 7 Trustee in that case can take no steps to administer that asset

because it still constitutes property of the Debtor's Estate in this closed case. Therefore, the CA Property cannot currently be administered by either of the Debtor's estates.

12. Reopening this case will not only produce a benefit for the creditors of this estate, but may very well produce a benefit for the creditors of the Debtor's 2017 estate as well.

13. The instant Motion is being served upon the former Chapter 7 Trustee, former counsel for the Debtor, the Chapter 7 Trustee of the Debtor's 2017 estate, all scheduled creditors of this estate and of the Debtor's 2017 estate, the United States Trustee, and any party who filed a Notice of Appearance in this case and in the Debtor's 2017 case.

14. Your affirmant respectfully submits that based on the above circumstances, particularly, the estimated equity on the CA Property, the Debtor's case should be reopened, and the Schedules should be amended, so that the CA Property can be administered for the benefit of the Debtor's creditors.

15. As the instant motion does not involve any novel legal issues, your affirmant respectfully requests that the Court waive Local Bankruptcy Rule 9013-1(b) requiring the filing of a memorandum of law with this motion.

16. No prior application for the relief requested herein has been made to this or to any other court.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**WHEREFORE**, the Debtor requests that his case be reopened such that the Debtor can amend its schedules to include the CA Property, and for such other and further relief as this Court deems just and proper.

Dated:  Jericho, New York
        December 12, 2017

McBREEN & KOPKO
Attorneys for Debtor

By:  */s/ Kenneth A. Reynolds*
     Kenneth A. Reynolds, Esq. (KR3808)
     500 North Broadway, Suite 129
     Jericho, New York 11753
     (516) 364-1095